IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-1434-RDR ) |
| $64,895.00 IN UNITED STATES CURRENCY, more or less, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This is a civil forfeiture action which is before the court upon plaintiff's motion for summary judgment. This action arises from the seizure of $64,895.00 in United States currency on October 22, 2010 during a traffic stop on I-70 in Saline County, Kansas. Plaintiff contends that the money constitutes drug proceeds and is forfeitable pursuant to 21 U.S.C. § 881(a)(6).[1] Claimant Michael Shaw contends that the money was legitimately earned and intended for the purchase of a commercial welding rig.

Plaintiff's burden of proof

Plaintiff has the burden of proof to establish that the currency is properly subject to forfeiture by a preponderance of the evidence. 18 U.S.C. § 983(c)(1). Plaintiff must prove that there is a substantial connection between the currency and drug

---

[1] Section 881(a)(6) provides in part that: "The following shall be subject to forfeiture to the United States . . . : All moneys . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter."

trafficking. U.S. v. $252,300.00 in U.S. Currency, 484 F.3d 1271, 1273 (10th Cir. 2007) Plaintiff is not required to connect the currency in question to a particular drug transaction. U.S. v. $21,055.00 in U.S. Currency, 778 F.Supp.2d 1099, 1103 (D.Kan. 2011). It is sufficient if plaintiff can establish that the currency is the proceeds of drug trafficking generally. Id. at 1104.

Uncontroverted facts

Plaintiff seeks to meet its burden with the following facts which are undisputed by claimant. Kansas Highway Patrol Trooper Scott Walker stopped a 1997 Mercury Marquis for a traffic violation on I-70 in Salina County, Kansas on October 22, 2010. Claimant Michael Shaw was the driver of the car; Forrest Jones was a passenger in the car. Shaw told Trooper Walker that they were driving from Davenport, Iowa to Phoenix, Arizona to attend car races. Trooper Walker could smell a strong odor of air freshener from inside the car and he saw multiple cell phones. Through the dispatcher, Trooper Walker confirmed that Shaw's driver's license was suspended or revoked and that he had a marijuana conviction. Trooper Walker also did a computer search and discovered that the car races in Arizona were three weeks away.

Shaw told Trooper Walker that he was carrying about fifty thousand dollars in the trunk of the car because he was going to purchase a commercial welding rig. Shaw opened the trunk of the

2

car and stated there was about "sixty grand" in a bag. Trooper Walker saw seven bundles of vacuum sealed currency in a bag in the trunk of the car. The packaging of the money was consistent with packaging associated with drug trafficking, according to Trooper Walker. Trooper Walker has training and experience in drug investigations.

Trooper Walker seized the money which later was determined to be $64,895.00. Shaw was interviewed by DEA Special Agent Greg Anderson and DEA Task Force Officer David Heim. Shaw told them that the money was around $65,000 and that he had saved the money at his house over the last three or four years. Shaw said he was a self-employed welder and made between $50,000 and $60,000 per year. Shaw said he did not have any welding jobs set up in the future; that he owned his own truck with a welding rig in the truck; and that he did not have any leads about trucks or rigs for sale in Phoenix. A narcotics detection dog alerted to the odor of controlled substances coming from the currency, which officers had hidden from the dog under an overturned trash can.[2]

Approximately four months after the traffic stop in Saline County, Kansas, on March 10, 2011, Shaw was arrested after another traffic stop in Lancaster County, Nebraska. Nebraska

---

[2] Shaw has not conceded that the dog was certified for drug detection because at the time of his response to the summary judgment motion his attorney had not received the certification records from plaintiff. Plaintiff has since served Shaw's attorney with the certification records. Doc. No. 48. There has been no further comment on Shaw's behalf regarding the drug detection dog.

State Patrol officers seized fifty-five pounds of marijuana from Shaw's vehicle. Shaw told the officers that he had rented the vehicle in Davenport, Iowa and driven it to Glendale, Arizona where he received the marijuana. Forrest Jones was again in the vehicle with Shaw. Shaw stated that he was going to pay Jones $4,000.00 for driving because Shaw did not have a valid driver's license. Shaw also stated that he expected to receive $26,000 to $30,000 for the marijuana in the car. Shaw said he made the trip to Arizona to buy marijuana every two months over the last fifteen months for a total of seven to eight trips. He further told the Nebraska patrol officers that on his fifth trip to Arizona to deliver money and pick up marijuana, he was stopped in Kansas and officers seized $65,000.00. Shaw described the money seized in Kansas as drug proceeds which he intended to exchange for marijuana in Arizona. Shaw was arrested and convicted of possession of marijuana after the March 10, 2011 traffic stop in Nebraska.

Shaw's W-2 forms show the following income in recent years: 2006 - $9,100.97; 2007 - $32,852.00; 2008 - $63,466.74; 2009 - $8,736.00.

Shaw told the officers in Kansas that the $64,895 was money he had saved from jobs he had worked and that he had the currency packaged with a vacuum seal because it would look more professional and that he was proud of his earned money.

### Shaw's evidence

Shaw has stated in an affidavit filed in response to plaintiff's summary judgment motion that his statements to the Nebraska law enforcement officers were false and coerced by the promise that he would receive more lenient treatment on the criminal drug charge. Shaw has also stated in the affidavit that the Kansas money was legitimately earned and saved for the purpose of purchasing a commercial welding rig.

### Summary judgment standards

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The court views "all of the facts in the light most favorable to the non-movant and reasonable inferences from the record must be drawn in favor of the non-moving party." Piercy v. Maketa, 480 F.3d 1192, 1197 (10th Cir. 2007). From this viewpoint, the court attempts to determine whether a reasonable jury could return a verdict in favor of the non-moving party. Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 875 (10th Cir. 2004). "While we view the record in the light most favorable to the non-moving party, that party must still identify sufficient evidence requiring submission to the jury to survive summary judgment." Piercy, 480 F.3d at 1197. Summary judgment should be granted where the evidence is so one-sided that one party must prevail as a matter

of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986).

<u>Reasons for granting summary judgment to plaintiff</u>

The court has determined that no reasonable jury could conclude upon the record before the court that the currency found in claimant Shaw's vehicle was something other than money furnished or intended to be furnished in exchange for a controlled substance and therefore subject to forfeiture.

The major evidence connecting the currency in this case to drug trafficking is as follows. First, the currency was packaged in a manner consistent with drug proceeds. See <u>$252,300.00</u>, 484 F.3d at 1275 (wrapping in cellophane is of significant probative value); <u>U.S. v. $ 84,615 in U.S. Currency</u>, 379 F.3d 496, 502 (8th Cir. 2004)(money concealed in vacuum-sealed bags described as a "common ploy to mask odors"); <u>U.S. v. $13,000.00 in U.S. Currency</u>, 858 F.Supp.2d 1194, 1199-1200 (D.Colo. 2012)(citing cases involving money wrapped in cellophane or plastic); <u>$21,055.00</u>, 778 F.Supp.2d at 1104 (money wrapped in cellophane). Second, the amount of currency was "'strong evidence that the money was furnished or intended to be furnished in return for drugs.'" <u>$13,000.00</u>, 898 F.Supp.2d at 1199 (quoting <u>U.S. v. Currency, U.S. $42,500.00</u>, 283 F.3d 977, 981 (9th Cir. 2002)(quoting <u>U.S. v. $93,685.61 in U.S. Currency</u>, 730 F.2d 571, 572 (9th Cir. 1984)); <u>U.S. v. $149,442.43 in U.S. Currency</u>, 965 F.2d 868, 877 (10th Cir. 1992). Third, a drug dog

6

alerted to the currency. $21,055.00, 778 F.Supp.2d at 1105. Fourth, Shaw's tax information is not consistent with accumulating by legitimate means the amount of currency he was carrying in the car. Id. at 1105; see also, U.S. v. $52,000.00, More or Less, in U.S. Currency, 508 F.Supp.2d 1036, 1042 (S.D.Ala. 2007)(the absence of an apparent, verifiable or legitimate source of substantial income is probative evidence of a substantial connection to illegal activity). Fifth, Shaw was with Jones in a car driving through Nebraska four months after the Saline County, Kansas traffic stop. At that time, Shaw was arrested and convicted of possessing a large amount of marijuana which he had obtained from Arizona and was driving to Iowa. This is evidence of Shaw's intent and motivation at the time the currency in this case was found by law enforcement. See U.S. v. Conway, 73 F.3d 975, 981 (10th Cir. 1995)(evidence of three prior drug-related arrests under similar circumstances to a charged crime may be admitted to prove intent).

Shaw relies upon a bare-bones, conclusory and self-serving affidavit to create a genuine issue of material fact precluding summary judgment. Such affidavits have been held insufficient and unpersuasive to overcome summary judgment in other forfeiture cases. $13,000.00, 858 F.Supp.2d at 1200; $21,055.00, 778 F.Supp.2d at 1102-03; U.S. v. $864,400.00 in U.S. Currency, 2009 WL 2171249 *4 (M.D.N.C. 2009); U.S. v. $223,178.00 in U.S. Currency, 2008 WL 4735884 *6 (C.D.Cal.

2008); see also, U.S. v. $133,420.00 in U.S. Currency, 672 F.3d 629, 639 (9th Cir. 2012)(an assertion of an ownership interest at the summary judgment stage requires more than a conclusory, self-serving affidavit).

Conclusion

For the above-stated reasons, the court shall grant plaintiff's motion for summary judgment and direct that the currency described in the complaint in this case be forfeited to plaintiff.

**IT IS SO ORDERED.**

Dated this 30th day of May, 2013, at Topeka, Kansas.

*s/Richard D. Rogers*
United States District Judge